# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS MARTINEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>GARSHA, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:09-cv-00337-LJO-SKO PC<br><br>ORDER (1) GRANTING MOTION TO WITHDRAW FIRST MOTION TO COMPEL AND FOR IN CAMERA REVIEW, (2) DENYING SECOND AND THIRD MOTIONS TO COMPEL WITHOUT PREJUDICE TO REFILING WITHIN NINETY DAYS, AND (3) REQUIRING PARTIES TO MEET AND CONFER WITHIN FORTY-FIVE DAYS<br><br>(Docs. 26, 36, 45, and 46) |

**Order on Pending Motions to Compel**

**I.    Introduction**

Plaintiff Luis Martinez, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on February 24, 2009.  This action for damages is proceeding against Defendants Garsha, Lines, Hacker, Fouch, and Does 1-3 for violating the Eighth Amendment of the United States Constitution.  Plaintiff is paraplegic and his claim arises out of injuries he sustained from a broken shower bench; Plaintiff alleges that Defendants were deliberately indifferent to his safety.

On March 9, 2012, Plaintiff filed a timely motion to compel and for in camera review. (Doc. 26.)  Defendants Garsha, Lines, Hacker, and Fouch filed an opposition on March 28, 2012, and Plaintiff filed a reply on April 17, 2012.  (Docs. 27, 33.)  Also on April 17, 2012, Plaintiff filed a second motion to compel, which Defendants opposed on May 7, 2012.  (Docs. 36, 40.)  Plaintiff filed a reply on May 18, 2012.  (Doc. 41.)  On June 4, 2012, Plaintiff filed a motion seeking to

withdraw his first motion to compel and for in camera review and seeking leave to substitute in its place his third motion to compel. (Docs. 45, 46.) Defendants filed an opposition on June 7, 2012, and Plaintiff filed a reply on June 21, 2012.

**II.   Discussion**

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, and for good cause, the Court may order discovery of any matter relevant to the subject matter involved in the action. Fed. R. Civ. P. 26(b)(1) (quotation marks omitted). Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Id. (quotation marks omitted).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. E.g., Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D.Cal. Jan. 13, 2012); Womack, 2011 WL 6703958, at *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D.Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D.Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack, 2011 WL 6703958, at *3; Mitchell, 2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4.

Plaintiff has filed three motions to compel, the first of which was timely filed but which he seeks to withdraw and replace with the third motion. During the course of discovery, following receipt of various objections by Defendants to his discovery requests, Plaintiff served what he describes as revised and rephrased discovery requests. (E.g., Doc. 46, Motion, Martinez Dec., ¶5.) As a result, some of the initial discovery requests appear to have been rendered moot by the service of new requests aimed at refinement. In addition, the motions to compel do not clearly and concisely set forth exactly which discovery requests are at issue. In opposing the motions, Defendants also grappled with the lack of precision. (E.g., Doc. 27, Opp., 6:21-77:4.)

///

The Court is vested with broad discretion to manage discovery. <u>Hunt v. County of Orange</u>, 672 F.3d 606, 616 (9th Cir. 2012); <u>Surfvivor Media, Inc. v. Survivor Productions</u>, 406 F.3d 625, 635 (9th Cir. 2005); <u>Hallett v. Morgan</u>, 296 F.3d 732, 751 (9th Cir. 2002). In this instance, the multiple motions to compel and the re-service of revised, rephrased discovery requests have created sufficient confusion that the Court declines to attempt a resolution on the present record.

To that end, Plaintiff's motions to compel shall be denied without prejudice.[1] Plaintiff may file **one** motion to compel which sets forth, clearly and separately, each discovery request in dispute. With respect to the discovery requests which have been rephrased and re-served, perhaps more than once, Plaintiff must determine which version he seeks to compel a response to, as the Court will not consider duplicative requests nor will it require Defendants to address duplicative requests in their opposition. If the discovery requests and Defendants' responses are already part of the record, Plaintiff does not need to resubmit them as exhibits to his motion. However, Plaintiff must clearly identify which individual discovery requests are at issue in his motion and then identify where the requests and responses are located in the record (e.g., to which previously-filed motion they are attached).

Prior to filing the motion to compel, the parties shall meet and confer by telephone in an attempt to resolve the discovery disputes without court intervention. Defendants counsel shall arrange for the telephone conference.

In part, the Court is concerned about any non-production of relevant documents on the ground that documents are equally available to Plaintiff and/or that Defendants are not required to incur photocopy costs. That documents are equally available to Plaintiff is not necessarily a sustainable objection or response, and in cases such as this, cost shifting may be ordered if the Court determines the documents are subject to production and Plaintiff has no ability to obtain the copies due to indigency.[2] E.g., <u>Ransom v. Johnson</u>, No. 05-cv-00086-OWW-GSA PC, 2010 WL 503128,

---

[1] Plaintiff's first motion to compel was timely. While the second and third were not, there is significant overlap between the motions and Plaintiff sought leave to withdraw his first motion and replace it with the third.

[2] Resolution of this issue will be dependent upon a finding regarding the availability to Plaintiff and his ability to obtain copies.

at *1 (E.D.Cal. Feb. 8, 2010); Thomas v. Hickman, 06-cv-00215-AWI-SMS PC, No. 2007 WL 4302974, at * 19 (E.D. Cal. Dec. 6, 2007).  In as much as Plaintiff previously sought in camera review, the parties are also informed that it is not the practice of the Court to routinely engage in an in camera review.  The Court will do so if serious safety and security concerns merit it, but it should not be viewed as standard practice.

If the parties are unable to resolve all of their discovery disputes, Plaintiff may then file a motion to compel, which must comply with the terms of this order in terms of clarity and specificity.

### III.     Order

For the reasons set forth herein, it is ORDERED that:

1. Plaintiff's motion to withdraw his motion for in camera review and to compel, filed on June 4, 2012, is GRANTED;
2. Plaintiff's first motion for in camera review and to compel, filed on March 9, 2012, is WITHDRAWN, without prejudice;
3. Plaintiff's second and third motions to compel, filed on April 17, 2012, and June 4, 2012, are DENIED, without prejudice;
4. Within **forty-five (45) days** from the date of service of this order, the parties shall meet and confer by telephone in an attempt to resolve their discovery disputes; and
5. Plaintiff has **ninety (90) days** from the date of service of this order within which to file a motion to compel in compliance with the terms of this order.

IT IS SO ORDERED.

**Dated:     July 2, 2012**               /s/ Sheila K. Oberto
                                                         UNITED STATES MAGISTRATE JUDGE