# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS MARTINEZ,<br><br>          Plaintiff,<br><br>    v.<br><br>GARSHA, et al.,<br><br>          Defendants.<br>_____/ | CASE NO. 1:09-cv-00337-LJO-SKO PC<br><br>ORDER DENYING MOTION FOR PHYSICAL EXAMINATION AND FOR ASSISTANCE WITH INTERVIEWING WITNESSES AND OBTAINING DECLARATIONS<br><br>(Doc. 34) |

      Plaintiff Luis Martinez, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on February 24, 2009.  On April 17, 2012, Plaintiff filed a motion seeking an order directing that he be examined by an outside doctor and allowing him to interview witnesses and acquire declarations from other inmates.  Defendants filed an opposition on May 7, 2012, and Plaintiff filed a reply on May 17, 2012.

      Plaintiff cites to Rule 56(f) of the Federal Rules of Civil Procedure in support of his request for an examination by an outside doctor.  Former Rule 56(f), which is now Rule 56(d), relates to summary judgment and it provides for relief where the nonmoving party cannot present facts essential to justifying its opposition.  In this instance, there is no pending motion for summary judgment and in any event, the rule does not contemplate allowing Plaintiff to seek additional evidence at government expense.  See Tedder v. Odel, 890 F.2d 210, 211-12 (9th Cir. 1989) ("[T]he expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by

///

///

Congress. . . .") (citation and internal quotation marks omitted). Therefore, Plaintiff's request is denied.[1]

Regarding interviewing witnesses and obtaining declarations, Plaintiff's motion is untimely. The Court is cognizant of the fact that Plaintiff has taken the position that his motion for an extension of the discovery deadline could not have been brought by the deadline because he was unable to access the law library, and in an effort to ensure that Plaintiff has access to discoverable information which he timely sought, the Court is allowing Plaintiff to file another motion to compel.

However, good cause requires a showing of due diligence and although Plaintiff may have encountered difficulty in accessing the law library between March 15, 2012, and March 25, 2012, so as to file a timely motion for an extension of the discovery deadline, there is no support for a finding that good cause exists to extend the deadline as to new forms of discovery. Fed. R. Civ. P. 16(b)(4); Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002). Discovery was opened on July 25, 2011, and the deadline was March 25, 2012. The need or desire to obtain information from witnesses is an issue which Plaintiff should have considered over the full course of discovery and pointing to difficulty in accessing the law library ten days before the discovery deadline does not demonstrate due diligence as to the discovery sought in this motion.

Therefore, Plaintiff's motion seeking an order directing that he be examined by an outside doctor and allowing him to interview witnesses and acquire declarations from other inmates is HEREBY DENIED.

IT IS SO ORDERED.

**Dated:   July 2, 2012**                                       **/s/ Sheila K. Oberto**
                                                                UNITED STATES MAGISTRATE JUDGE

---

[1] Federal Rule of Civil Procedure 35, which provides that a court may order a party to submit to a physical examination where that party's condition is at issue also does not allow for the relief sought by Plaintiff.