# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS MARTINEZ, | CASE NO. 1:09-cv-00337-LJO-SKO PC |
| Plaintiff, | ORDER DENYING MOTION FOR INSPECTION AND PRODUCTION OF DOCUMENTS AND TANGIBLE ITEM |
| v. | |
| GARSHA, et al., | (Doc. 35) |
| Defendants. | |

Plaintiff Luis Martinez, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on February 24, 2009. This action for damages is proceeding against Defendants Garsha, Lines, Hacker, Fouch, and Does 1-3 for violating the Eighth Amendment of the United States Constitution. Plaintiff is paraplegic and his claim arises out of injuries he sustained from a broken shower bench; Plaintiff alleges that Defendants were deliberately indifferent to his safety.

On April 17, 2012, Plaintiff filed a motion seeking to inspect the Administrative Segregation Unit (ASU) at California Substance Abuse Treatment Facility and State Prison, to inspect various documents, and to inspect the damaged shower bench which was removed on or around June 28, 2007. Defendants filed an opposition on May 7, 2012, and Plaintiff filed a reply on May 18, 2012.

Plaintiff's citation to Rule 56(f) of the Federal Rules of Civil Procedure is misplaced. As set forth in another order issued concurrently with this order, former Rule 56(f), which is now Rule 56(d), relates to summary judgment and it provides for relief where the nonmoving party cannot present facts essential to justifying its opposition. In this instance, there is no pending motion for

1  summary judgment.  Further, the rule contemplates seeking a continuance to complete discovery;
2  it does not contemplate the issuance of an order to provide discovery.
3       Regarding Plaintiff's motion to inspect the ASU and to compel the production of documents
4  and the shower bench, Plaintiff was granted leave to file a motion to compel by separate order.
5  Presuming these issues were subject to Plaintiff's previously-filed motions to compel, Plaintiff has
6  the opportunity to seek an order compelling production via the filing of a motion to compel which
7  complies with the terms of the separately-issued order.
8       If Plaintiff did not previously seek an inspection, the documents, or the shower bench from
9  Defendants, his request at this juncture is untimely.  As explained in a prior order, assuming Plaintiff
10  adequately explained why he could not have filed his motion for an extension of the discovery
11  deadline before April 4, 2012, that explanation does not support a finding of good cause as to new
12  discovery.  The inability to access the law library for ten days prior to the discovery deadline does
13  not demonstrate due diligence regarding new discovery.  Fed. R. Civ. P. 16(b)(4); Zivkovic v.
14  Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002).
15       Accordingly, Plaintiff's motion for an inspection and for the production of documents and
16  a tangible item is HEREBY DENIED.

20  IT IS SO ORDERED.
21  **Dated:   July 2, 2012**          /s/ Sheila K. Oberto
                                        UNITED STATES MAGISTRATE JUDGE