1
2
3
4
5
6          **UNITED STATES DISTRICT COURT**

7                EASTERN DISTRICT OF CALIFORNIA

8
LUIS MARTINEZ,                              CASE NO. 1:09-cv-00337-LJO-SKO PC
9
                    Plaintiff,              ORDER (1) GRANTING IN PART AND
10                                          DENYING IN PART PLAINTIFF'S MOTION
     v.                                     TO COMPEL, (2) DENYING PLAINTIFF'S
11                                          SUPPLEMENTAL MOTION TO COMPEL AS
GARSHA, et al.,                             UNTIMELY AND (3) DENYING PLAINTIFF'S
12                                          MOTION FOR LEAVE TO ADD NEW
                    Defendants.             PARTIES AS UNTIMELY
13
                                            (Docs. 56 and 59)
14
                                            THIRTY-DAY DEADLINE FOR
15                                          DEFENDANTS TO SERVE AMENDED
                                            ANSWERS AND FOR PLAINTIFF TO
16                                          SUPPLY ADDITIONAL INFORMATION
17  _____/

18       <u>Order Granting in Part and Denying in Part Motion to Compel</u>

19  **I.    Background**

20       Plaintiff Luis Martinez, a state prisoner proceeding pro se and in forma pauperis, filed this

21  civil rights action pursuant to 42 U.S.C. § 1983 on February 24, 2009.  This action for damages is

22  proceeding against Defendants Garcha,[1] Lines, Hacker, Fouch, and Does 1-3 for violating the Eighth

23  Amendment of the United States Constitution.

24       Plaintiff is paraplegic and his claim arises out of injuries he sustained from a broken shower

25  bench.  Plaintiff was transferred to California Substance Abuse Treatment Facility and State Prison,

26  Corcoran ("SATF") on May 18, 2007, and upon his arrival in the Administrative Segregation Unit

27  _____

28       [1] Identified as Garsha in the complaint.

                                        1

1  ("ASU"), he discovered that the shower bench in the ADA (Americans with Disabilities Act) shower

2  was broken.  Plaintiff alleges that he complained but nothing was done and on June 27, 2007, he

3  slipped and fell in the shower.  In the course of attempting to steady himself by grabbing the bench,

4  the end of the bench "severed and collapsed."  (Doc. 1, Comp., 5:16.)  Plaintiff fell to the shower

5  floor, injuring himself seriously.

6           On October 1, 2012, Plaintiff filed his fourth motion to compel, which is subject to the

7  requirements set forth in the order filed on July 3, 2012.  (Docs. 51, 56.)  Defendants filed an

8  opposition on October 19, 2012, and Plaintiff filed a reply on November 13, 2012.  (Docs. 57, 58.)

9  On April 29, 2013, Plaintiff filed a supplemental motion to compel.  (Doc. 59.)  Defendants filed an

10  opposition on May 8, 2013, and Plaintiff filed a reply on May 28, 2013.  (Docs. 60, 61.)  The

11  motions have been submitted upon the record without oral argument.  Local Rule 280(*l*).

12  **II.**    **Motion to Compel**

13        **A.**    **Introduction**

14           Plaintiff is proceeding pro se and he is a state prisoner challenging his conditions of

15  confinement.  As a result, the parties were relieved of some of the requirements which would

16  otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to

17  involving the Court in a discovery dispute.[2]  Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R.

18  Civ. P. 37(a)(1); Local Rules 240, 251; Doc. 17, Discovery and Scheduling Order, ¶5.  Further,

19  where otherwise discoverable information would pose a threat to the safety and security of the prison

20  or infringe upon a protected privacy interest, a need may arise for the Court to balance interests in

21  determining whether disclosure should occur.  *See* Fed. R. Civ. P. 26(c); *Seattle Times Co. v.*

22  *Rhinehart*, 467 U.S. 20, 35 n.21, 104 S.Ct. 2199 (1984) (privacy rights or interests implicit in broad

23  purpose and language of Rule 26(c)); *Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court*

24  *for the Dist. of Montana*, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege);

25  *Soto v. City of Concord*, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (recognizing a constitutionally-based

26  right of privacy that can be raised in discovery); *see also Garcia v. Clark*, No. 1:10-CV-00447-LJO-

27

28           [2] In an order issued subsequent to the initial discovery and scheduling order, the parties were required to meet and confer prior to the filing of the fourth motion to compel.  (Doc. 51.)

1    DLB PC, 2012 WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012) (noting inmate's entitlement to

2    inspect discoverable information may be accommodated in ways which mitigate institutional safety

3    concerns); *Robinson v. Adams*, No. 1:08-cv-01380-AWI-BAM PC, 2012 WL 912746, at *2-3 (E.D.

4    Cal. Mar. 16, 2012) (issuing protective order regarding documents containing information which

5    implicated the safety and security of the prison); *Orr v. Hernandez*, No. CV-08-0472-JLQ, 2012 WL

6    761355, at *1-2 (E.D. Cal. Mar. 7, 2012) (addressing requests for protective order and for redaction

7    of information asserted to risk jeopardizing safety and security of inmates or the institution if

8    released); *Womack v. Virga*, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *5-6 (E.D. Cal.

9    Dec. 21, 2011) (requiring defendants to submit withheld documents for in camera review or move

10   for a protective order).

11           However, this is a civil action to which the Federal Rules of Civil Procedure apply.  The

12   discovery process is subject to the overriding limitation of good faith, and callous disregard of

13   discovery responsibilities cannot be condoned.  *Asea, Inc. v. Southern Pac. Transp. Co.*, 669 F.2d

14   1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted).  Parties may obtain discovery

15   regarding any nonprivileged matter that is relevant to any party's claim or defense, and for good

16   cause, the Court may order discovery of any matter relevant to the subject matter involved in the

17   action.  Fed. R. Civ. P. 26(b)(1) (quotation marks omitted).  Relevant information need not be

18   admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of

19   admissible evidence.  *Id.* (quotation marks omitted).

20           Generally, if the responding party objects to a discovery request, the party moving to compel

21   bears the burden of demonstrating why the objections are not justified.  *E.g.*, *Grabek v. Dickinson*,

22   No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); *Womack*, 2011 WL

23   6703958, at *3; *Mitchell v. Felker*, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep.

24   29, 2010); *Ellis v. Cambra*, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal.

25   Mar. 27, 2008).  This requires the moving party to inform the Court which discovery requests are

26   the subject of the motion to compel, and, for each disputed response, why the information sought is

27   relevant and why the responding party's objections are not meritorious.  *Grabek*, 2012 WL 113799,

28   at *1; *Womack*, 2011 WL 6703958, at *3; *Mitchell*, 2010 WL 3835765, at *2; *Ellis*, 2008 WL

860523, at *4.   However, the Court is vested with broad discretion to manage discovery and

notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigation; therefore, to

the extent possible, the Court endeavors to resolve his motion to compel on its merits.   *Hunt v.*

*County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012); *Surfvivor Media, Inc. v. Survivor Productions*,

406 F.3d 625, 635 (9th Cir. 2005); *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

### B.   Interrogatories

#### 1.   Legal Standard

An interrogatory may relate to any matter that may be inquired into under Rule 26(b), and

an interrogatory is not objectionable merely because it asks for an opinion or contention that relates

to fact or the application of law to fact.   Fed. R. Civ. P. 33(a)(2) (quotation marks omitted).   Parties

are obligated to respond to interrogatories to the fullest extent possible under oath, Fed. R. Civ. P.

33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4); *Davis v.*

*Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981).   The responding party shall use common sense and

reason.   *E.g., Collins v. Wal-Mart Stores, Inc.*, No. 06-2466-CM-DJW, 2008 WL 1924935, *8 (D.

Kan. Apr. 30, 2008).   A responding party is not generally required to conduct extensive research in

order to answer an interrogatory, but a reasonable effort to respond must be made.   *Gorrell v. Sneath*,

__ F.R.D. __, __, 2013 WL 1402363, at *1 (E. D. Cal. Apr. 5, 2013); *L.H. v. Schwarzenegger*, No.

S-06-2042 LKK GGH, 2007 WL 2781132, *2 (E.D. Cal. Sep. 21, 2007).   Further, the responding

party has a duty to supplement any responses if the information sought is later obtained or the

response provided needs correction.   Fed. R. Civ. P. 26(e)(1)(A).

#### 2.   Interrogatory 20 - Defendants Garcha and Hacker

**ROG 20:** "Please state the names, affiliation, title, last known address, and telephone number

of each person you worked with in SATF, A.S.U. during May 18, 2007 through August 31, 2007."

(Doc. 26, 116:27-117:2 & 122:27-123:2.)[3]

**Response:** Defendants Garcha and Hacker objected on the grounds that the interrogatory

violates the privacy rights of others; it seeks information that could compromise the safety and

---

[3] All page numbers identified in this order refer to the Court's CM/ECF system pagination.

security of the institution and individuals; and it is unduly burdensome, oppressive, and harassing because Defendants do not have the information in their possession, custody, or control. (*Id.*, 146:9-16 & 181:20-27.) Notwithstanding their objections, Defendants responded that they do not recall with whom they worked from May to August 2007, but individuals named in the documents they produced may have relevant information. (*Id.*)

**Ruling:** Plaintiff's motion to compel is granted in part and denied in part.

As an initial matter, boilerplate objections do not suffice to claim a privilege or to shield against the disclosure of discoverable information. *Burlington N. & Santa Fe Ry. Co.*, 408 F.3d at 1149; *Rogers v. Giurbino*, 288 F.R.D. 469, 487 (S.D. Cal. 2012)

Furthermore and to the point here, discovery is not limited to that information which one easily recalls from memory. The burden in responding to discovery is greater than that and Defendants are required to make a *reasonable effort* to respond.

Plaintiff is entitled to discover information which may lead to the identification of Does 1 through 3 and/or witnesses. Therefore, Plaintiff's motion to compel is granted in that Defendants must serve an amended response. However, if Defendants are able to supply additional information, it need include only names and job titles; the Court is disinclined to order the disclosure of last known addresses and telephone numbers of prison staff absent necessity, which has not been demonstrated. *See Coleman v. Schwarzenegger*, No. CIV S-90-0520 LKK JFM P, C01-1351 THE, 2007 WL 4276554, at *1 (E.D. Cal. Nov. 29, 2007) (court may *sua sponte* enter a protective order for good cause shown, including an order that discovery not be had); *McCoy v. Southwest Airlines Co., Inc.*, 211 F.R.D. 381, 385 (C. D. Cal. 2002) (court may *sua sponte* grant a protective order for good cause).

### C.   **Requests for Admission**

#### 1.   **Legal Standard**

"A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1).

If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Fed. R. Civ. P. 36(a)(4).

"The grounds for objecting to a request must be stated," Fed. R. Civ. P. 36(a)(5), and with other forms of discovery, it is well established that boilerplate objections do not suffice, *e.g.*, *Thompson v. Yates*, No. 1:06-cv-00763-RCC, 2011 WL 5975469, at *2-3 (E.D. Cal. Nov. 29, 2011); *Everest Indem. Ins. Co. v. Aventine-Tramonti Homeowners Assoc.*, No. 2:09-cv-1672-RCJ-RJJ, 2011 WL 3841083, at *2 (D. Nev. Aug. 29, 2011); *Palladini v. City of Milpitas*, No. CV 06-00779 JW (HRL), 2008 WL 1774090, at *2 (N.D. Cal. Apr. 16, 2008); *Medina v. U.P.S.*, No. C-06-791 JW PVT, 2007 WL 2123699, at *2 (N.D. Cal. Jul. 23, 2007); *Eastridge Personnel of Las Vegas, Inc. v. Du-Orpilla*, No. 2:06-cv-00776-KJD-PAL, 2007 WL 1232229, at *2 (D. Nev. Apr. 26, 2007); *A. Farber & Partners, Inc. v. Garber*, 237 F.R.D. 250, 255 (C.D. Cal. 2006).

Finally, "[t]he requesting party may move to determine the sufficiency of an answer or objection," Fed. R. Civ. P. 36(a)(6). "Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer must be served." *Id.* Efforts to obstruct discovery through objections or evasive responses which lack any good faith basis will not be condoned. *Marchand v. Mercy Med. Cntr.*, 22 F.3d 933, 938 (9th Cir. 1994); *In re TFT-LCD (Flat Panel) Antitrust Litigation*, No. M 07-1827 SI, 2011 WL 3566419, at *5 (N.D. Cal. Aug. 12, 2011); *Mitchell*, 2010 WL 3835765, at *1.

## 2. **RFAs 7 and 9 - Defendant Fouch**

**RFA 7:** "Please admit that the document marked as attachment 8 is the appeal you investigated and answered at the second level of review on July 18, 2007." (Doc. 26, 266:17-18.)

**Response:** Defendant objected on the ground that it is unduly burdensome for him to determine if the document is a true and correct copy of inmate Reed's appeal. Notwithstanding that

objection, Defendant responded that the document appears to be inmate Reed's appeal, but he cannot authenticate it because he is not a custodian of records and does not have the original documents. Defendant stated he cannot admit or deny the request and on that basis denies it. (*Id.*, 293:23-294:2.)

**Ruling:** Plaintiff's motion to compel an amended answer is granted.

Defendant's contention that it is unduly burdensome for him to confirm that the appeal is a true and correct copy lacks merit and is overruled.  Furthermore, Defendant's remaining response is evasive and fails to evidence the requisite good faith effort to respond to a request which seeks discoverable information.  Defendant failed to comply with Rule 36(a)(4), which requires the statement that a reasonable inquiry was made and the information he knows or can readily obtain is insufficient to enable him to admit or deny.  Fed. R. Civ. P. 36(a)(4); *Asea, Inc.*, 669 F.2d at 1245-47; *Ameripride Serv., Inc. v. Valley Indus. Serv., Inc.*, No. CIV 2:00-0113-LKK-JFM, 2011 WL 1321873, at *2 (E.D. Cal. Apr. 1, 2011).  Defendant is reminded that a reasonable inquiry entails a good faith investigation.  *Ameripride Serv., Inc.*, 2011 WL 1321873, at *2.

**RFA 9:** "Please admit you were contacted by the Supervisor of Building Trades, J. Lines, on June 22, 2007, concerning the broken shower bench in add. segg." (Doc. 26, 266:21-22.)

**Response:** "I do not recall, and on that basis I must deny." (*Id.*, 294:12.)

**Ruling:** Plaintiff's motion to compel an amended response is granted.  This response does not comply with Rule 36(a)(4).

### 3.   **RFA 7 - Defendant Lines**

**RFA 7:** "Please admit that the document marked as attachment A is the appeal you investigated and answer[ed] at the first level of review on June 22, 2007, submitted by prisoner Craig Reed, C-22792." (*Id.*, 271:20-22.)

**Response:** Defendant objected on the ground that it is unduly burdensome for him to determine if the document is a true and correct copy of inmate Reed's appeal.  Notwithstanding that objection, Defendant responded that the document appears to be inmate Reed's appeal, but he cannot authenticate it because he is not a custodian of records and does not have the original documents. Defendant stated he cannot admit or deny the request and on that basis denies it. (*Id.*, 304:19-26.)

///

**Ruling:** Plaintiff's motion to compel an amended response is granted.  Defendant's objection is overruled and the remainder of the response does not comply with Rule 36(a)(4).

### 4.    RFAs 7, 9, 10, 11, 17, 23, and 27 - Defendant Hacker

**RFA 7:** "Please admit that CDCR policies, practices and procedures require all employees to ensure the health, safety and security of themselves, other employees and inmates." (*Id.*, 277:18-20.)

**Response:** Defendant objected to the request on the grounds that it is vague, ambiguous, overbroad, and calls for speculation as the word "ensure;" and it is compound and contains subparts. Defendant responded that the request cannot be admitted or denied and is denied on that basis.  (*Id.*, 315:25-316:1.)

**Ruling:**  Plaintiff's motion to compel an amended response is granted.  Defendant's boilerplate objections are overruled and the response does not comply with Rule 36(a)(4).

**RFA 9:** "Please admit that on June 22, 2007, or the previous day(s), you were contacted by Supervisor of Building Trades, J. Lines, for matters concerning the broken shower bench in add. segg." (*Id.*, 277:23-25.)

**Response:** "I do not recall, and on that basis I must deny."  (*Id.*, 316:12.)

**Ruling:** Plaintiff's motion to compel an amended response is granted.  This response does not comply with Rule 36(a)(4).

**RFA 10:** "[P]lease admit that you were present on June 22, 2007, when supervisor of Building Trades, J. Lines, was in add. segg. inspecting the broken shower bench." (*Id.*, 277:26-278:1.)

**Response:** "I do not recall, and on that basis I must deny." (*Id.*, 316:17.)

**Ruling:** Plaintiff's motion to compel an amended response is granted.  This response does not comply with Rule 36(a)(4).

**RFA 11:** "Please admit that you were present while Supervisor of Building Trades, J. Lines, interviewed prisoner Craig Reed, C-22792, at his cell door."  (*Id.*, 278:1-2.)

**Response:** "I do not recall, and on that basis I must deny." (*Id.*, 316:22.)

///

**Ruling:** Plaintiff's motion to compel an amended response is granted.  This response does not comply with Rule 36(a)(4).

**RFA 17:** "Please admit that your Corrections Officers notified you of the broken shower bench in the ADA shower." (*Id.*, 278:13-14.)

**Response:** Denied, on the basis that without further review of documents, Defendant does not recall the incident.  (*Id.*, 317:25-26.)

**Ruling:** Plaintiff's motion to compel an amended response is granted.  This response does not comply with Rule 36(a)(4).

**RFA 23:** "Please admit that you recall the broken (completely severed plywood at one end) shower benches in add. segg." (*Id.*, 278:27-28.)

**Response:** Denied.  (*Id.*, 319:5.)

**Ruling:** Plaintiff's motion to compel is denied.  Defendant denied this request for admission and Plaintiff is required to accept that answer.

**RFA 27:** "Please admit that during inspection of the broken shower bench, the broken plywood was discovered to be waterlogged." (*Id.*, 279:7-8.)

**Response:** "I do not recall, and on that basis I must deny."  (*Id.*, 320:13.)

**Ruling:** Plaintiff's motion to compel an amended response is granted.  This response does not comply with Rule 36(a)(4).

**D.**   **Request for the Production of Documents**

   **1.**   **Legal Standard**

A party may serve on any other party a request within the scope of Rule 26(b) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody or control: any designated documents or tangible things.  Fed. R. Civ. P. 34(a)(1) (quotation marks omitted).  "Property is deemed within a party's 'possession, custody, or control' if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand." *Allen v. Woodford*, No. CV-F-05-1104 OWW LJO, 2007 WL 309945, *2 (E.D. Cal. Jan. 30, 2007) (citing *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995)); *accord Bovarie v. Schwarzenegger*, No. 08cv1661 LAB (NLS), 2011 WL 719206, at

1  *4 (S.D. Cal. Feb. 22, 2011); *Evans v. Tilton*, No. 1:07CV01814 DLB PC, 2010 WL 1136216, at *1

2  (E.D. Cal. Mar. 19, 2010).

3      In responding to discovery requests, a reasonable inquiry must be made, and if no responsive

4  documents or tangible things exist, Fed. R. Civ. P. 26(g)(1), the responding party should so state

5  with sufficient specificity to allow the Court to determine whether the party made a reasonable

6  inquiry and exercised due diligence, *Uribe v. McKesson*, No. 08cv1285 DMS (NLS), 2010 WL

7  892093, at *2-3 (E.D. Cal. Mar. 9, 2010).  If responsive documents do exist but the responsive party

8  claims lack of possession, control, or custody, the party must so state with sufficient specificity to

9  allow the Court (1) to conclude that the responses were made after a case-specific evaluation and (2)

10  to evaluate the merit of that response.  *Ochotorena v. Adams*, No. 1:05-cv-01525-LJO-DLB (PC),

11  2010 WL 1035774, at *3-4 (E.D. Cal. Mar. 19, 2010).  As with previously discussed forms of

12  discovery, boilerplate objections do not suffice.  Fed. R. Civ. P. 34(b)(2)(B), (C); *Burlington N. &*

13  *Santa Fe Ry. Co.*, 408 F.3d at 1149.

14          **2.    PODS 1, 2, 5-11, and 13-17**

15      **POD 1:** "All documents that contain, mention, construe, or refer to policies on staff

16  supervision and inspection of inmate housing areas including but not limited to the showers." (Doc.

17  26, 22:26-23:1.)

18      **Response:** Defendants objected to this request as overbroad, vague, ambiguous, calling for

19  speculation, compound, containing subparts, beyond the scope of time reasonably related to

20  litigation, and calling for information regarding prison procedures which could compromise the

21  safety and security of the institution and individuals.  (*Id.*, 95:20-96:1.)  Notwithstanding those

22  objections, Defendants directed Plaintiff to Title 15 of the California Code of Regulations.  (*Id.*)

23      **Ruling:** Plaintiff's motion to compel is granted in part and denied in part.

24      Based on the briefing provided, the parties did attempt to resolve this discovery dispute, but

25  misunderstandings occurred and the Court declines to attempt to parse out culpability.  Plaintiff has

26  clarified that he is seeking sections from the Department Operations Manual ("DOM") and

27  Operations Procedures ("OP") rather than Title 15.  However, Defendants' objections are largely

28  meritorious.  Plaintiff's request is far too broad in scope, and it is vague and confusing as framed.

The request is narrowed as follows. Defendants are ordered to respond to Plaintiff's request for the production of DOM and OP policies, if any, which pertain to visual inspections of the ADA shower stall in the ASU at SATF between November 2006 and July 2007. This information is potentially relevant to Defendants' knowledge of the allegedly defective shower bench on or around May and June 2007. However, Plaintiff has not demonstrated how a broader range of policies, in terms of either content or time frame, is relevant to his claim.

If there are no DOM or OP policies responsive to this inquiry, Plaintiff is required to accept that answer. If such documents exist and there are legitimate safety and security concerns, Defendants may seek a protective order, but vague assertions of safety and security concerns do not shield the production of discoverable documents. Fed. R. Civ. P. 26(c); *Seattle Times Co.*, 467 U.S. at 35 n.21; *Burlington N. & Santa Fe Ry. Co.*, 408 F.3d at 1149; *Soto*, 162 F.R.D. at 616; *Garcia*, 2012 WL 1232315, at *6 n.5.

**POD 2:** "All documents that contain, mention, construe, or refer to policies on staff responses to emergencies." (Doc. 26, 23:2-3.)

**Response:** Defendants objected to this request as overbroad, vague, ambiguous, calling for speculation, compound, containing subparts, beyond the scope of time reasonably related to litigation, and calling for information regarding prison procedures which could compromise the safety and security of the institution and individuals. (*Id.*, 96:6-13.) Notwithstanding those objections, Defendants directed Plaintiff to Title 15 of the California Code of Regulations. (*Id.*)

**Ruling:** Plaintiff's motion to compel is granted in part and denied in part.

This request involves the same general issues as POD 1. Plaintiff has clarified that in particular, he is attempting to obtain the production of Title 15 and DOM policies regarding Incident Reports generated in response to staff or inmate injuries. That information is relevant and therefore discoverable.

Defendants are ordered to respond to Plaintiff's request for the production of Title 15 and DOM policies, if any, which pertain to actions required of staff, including the generation of any reports, when an inmate is injured. The time frame is limited to policies or regulations in effect between November 2006 and July 2007.

1    **POD 3:** Motion to compel withdrawn.  (Doc. 59, Supp. Motion, 2:3-5.)

2    **POD 5:** "All documents that evidence, mention, or refer to every defendant's institutional

3    conduct or disciplinary history during their employment with the California Department of

4    Corrections and Rehabilitation."  (Doc. 26, 23:11-13.)

5    **Response:** Defendants objected to this request as overbroad, irrelevant, not reasonably

6    calculated to lead to the discovery of admissible evidence, unduly burdensome, oppressive,

7    harassing, vague as to "institutional conduct," compound, containing subparts, beyond the scope of

8    time reasonably related to litigation, and a violation of the privacy of Defendants and others.  (*Id.*,

9    97:10-12.)

10   **Ruling:** Plaintiff's motion to compel is granted in part and denied in part.

11   Other than a very limited exception discussed below, Plaintiff has not demonstrated how this

12   information is relevant.  Plaintiff is proceeding on a claim for violation of the Eighth Amendment,

13   which requires that he demonstrate: (1) the existence of an objectively serious risk of harm to his

14   health or safety, which in this case was a broken shower bench, and (2) Defendants' knowledge and

15   disregard of that risk of harm.  *E.g.*, *Farmer v. Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994);

16   *Thomas v. Ponder*, 611 F.3d 1144, 1150-51 (9th Cir. 2010).  Plaintiff's request is overbroad as to

17   time frame and type of conduct and/or disciplinary action, but notwithstanding those deficiencies,

18   the relevance of Defendants' general conduct and/or disciplinary histories is unclear given the nature

19   of Plaintiff's legal claim.  Plaintiff's citations to authority involve cases where incidents of force

20   and/or bias were relevant to the legal claims.[4]  *Barnes v. City of Cincinnati*, 401 F.3d 729, 741-42

21   (6th Cir. 2005); *Heno v. Sprint/United Management Co.*, 208 F.3d 847, 856 (10th Cir. 2000);

22   _____

23   [4] The underlying facts in the fourth case cited by Plaintiff, *Brandon v. Beard*, 140 F.R.D. 328, 329 (M.D. PA 1991), are unclear but the plaintiff was seeking hiring dates, termination dates, and educational history.  Given

24   the paucity of facts in the order and the nature of the claim in *this* action, the decision does not persuade the Court that Plaintiff is entitled to look in Defendants' personnel files for incidents of misconduct.  *See Ceramic Corp. of*

25   *America v. Inka Maritime Corp. Inc.*, 163 F.R.D. 584, 589 (C.D. Cal. 1995) ("In recent years, the courts have routinely ordered the production of personnel files of third parties in *employment discrimination* and *police brutality*

26   cases.") (emphasis added); *see also Oyarzo v. Tuolumne Fire Dist.*, No. 1:11-cv-01271-LJO-SAB, 2013 WL 1758798, at *9-10 (E.D. Cal. Apr. 24, 2013) (scope of discovery in employment actions can be broad and include

27   employment records); *Haney v. Woods*, No. 2:11-cv-2196 JAM EFB P, 2013 WL 870665, at *2 (E.D. Cal. Mar. 7, 2013) (ordering production of relevant documents in a retaliation case); *Thomas v. Beutler*, No. 2:10-cv-01300 MCE

28   CKD P, 2012 WL 4845571, at *7-8 (E. D. Cal. Oct. 10, 2012) (ordering production of personnel records concerning use of force and dishonesty, in an excessive force and retaliation case).

1   *Ramirez v. County of Los Angeles*, 231 F.R.D. 407, 411-12 (C.D. Cal. 2005).  This case, however,

2   does not involve claims arising from the use of excessive force or discrimination.

3          The only documents in Defendants' personnel files with any discernible relevance would be

4   those relating to their knowledge of a broken shower bench in May and June of 2007 (presumably

5   in the form of a notation, reprimand, or disciplinary action).  If documents responsive to that narrow

6   inquiry are contained in Defendants' personnel files, they are ordered to turn those over.  If no such

7   documents exist, Plaintiff is required to accept that answer.

8          With respect to Defendants' invocation of the official information privilege, Defendants bear

9   the burden of the initial showing, which requires a privilege log and an affidavit from an agency

10  official in control of the documents.  *Oyarzo*, 2013 WL 1758798, at *9-10 (citing *Soto*, 162 F.R.D.

11  at 613 and *Kelly v. City of San Jose*, 114 F.R.D. 653, 660-61 (N. D. Cal. 1987)); *see also Randle v.*

12  *Franklin*, No. CV 1-08-00845-JAT, 2010 WL 3069205, at *3 (E.D. Cal. Aug. 3, 2010) ("[T]he

13  Defendant has the burden of showing that confidentiality and safety concerns override the liberal

14  discovery procedures outlined in Fed. R. Civ. P. 26.").  Mere argument is insufficient and in this

15  instance, it is not clear that responsive documents even exist.  If they do, Defendants may seek a

16  protective order which complies with requirements for invoking the privilege, but the Court cannot

17  make a ruling regarding documents which may or may not exist based on a bare claim of privilege.

18         **POD 6:** "All documents that contain, mention, construe, or refer to the instalation [sic] of

19  the shower bench at issue including but not limited to work orders and the date it (shower bench)

20  was installed."  (Doc. 26, 23:14-16.)

21         **Response:** Defendants objected to this request as overbroad, irrelevant, not reasonably

22  calculated to lead to the discovery of admissible evidence, unduly burdensome, oppressive,

23  harassing, vague, ambiguous, calling for speculation, and beyond the scope of time reasonably

24  related to litigation.  (*Id.*, 97:27-98:8.)  Notwithstanding those objections, Defendants produced a

25  Work Order Detail.  (*Id.*)

26         **Ruling:** Plaintiff's motion to compel is denied.

27         Defendants state they have produced all existing responsive documents. (Doc. 57,Opp., 17:5-

28  9.)  Plaintiff is required to accept that answer.

1   **POD 7:** "All documents that contain, mention, construe, or refer to the type of material, the

2   company who built the shower bench, and the receipts of purchase." (Doc. 26, 23:17-18.)

3   **Response:** Defendants objected to this request as overbroad, vague as to time, unduly

4   burdensome, oppressive, and harassing. (*Id.*, 98:13-18.)  Notwithstanding those objections,

5   Defendants could not locate any responsive documents. (*Id.*)

6   **Ruling:** Plaintiff's motion to compel is denied.

7   No responsive documents exist. (Doc. 57, 17:18-22.)  Plaintiff is required to accept that

8   answer, and his assertion in his motion that Defendants did not do enough to locate responsive

9   documents is baseless.

10   **POD 8:** "All documents that evidence, contain, mention, construe, or refer to the removal

11   of the broken shower bench and the replacement including but not limited to receipts of purchase

12   of the replacement." (Doc. 26, 23:19-21.)

13   **Response:** Defendants objected to the term "broken," and to the request as vague as to time.

14   (*Id.*, 98:24-27.)  Notwithstanding those objections, Defendants produced documents responsive to

15   the shower bench which was removed, repaired, and replaced prior to Plaintiff's alleged fall. (*Id.*)

16   **Ruling:** Plaintiff's motion to compel is denied.

17   Defendants have produced all existing responsive documents. (Doc. 57, 18:3-9.)  Plaintiff

18   is required to accept that answer, and his assertion regarding the lack of authenticated documents

19   produced is meritless; documents produced by Defendants in response to Plaintiff's discovery

20   requests are deemed authentic. *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 777 n.20 (9th Cir.

21   2002) (citing *Maljack Productions, Inc. v. GoodTimes Home Video, Corp.*, 81 F.3d 881, 889 n.12

22   (9th Cir. 1996)).

23   **POD 9:** "All documents that evidence, mention, construe, or refer to incidents of any

24   accidents at SATF that have occurred since June 27, 2005." (Doc. 26, 23:22-23.)

25   **Response:** Defendants objected to this request as overbroad, irrelevant, not reasonably

26   calculated to lead to the discovery of admissible evidence, unduly burdensome, oppressive,

27   harassing, beyond the scope of time reasonably related to litigation, and a violation of the privacy

28   ///

14

of Defendants and others. (*Id.*, 99:5-12.) Notwithstanding those objections, Defendants responded that there are no responsive documents in their custody or control. (*Id.*)

**Ruling:** Plaintiff's motion to compel is denied.

Plaintiff has not met his burden of demonstrating the relevance of this information to his claim. As previously explained, the issue is whether the condition of the shower bench constituted an objectively serious risk of harm to Plaintiff in May and June 2007 and whether Defendants knew of and disregarded the risk in May and June 2007. Neither Defendants' general indifference toward administrative segregation inmates between 2005 and 2007 nor the existence of other accidents leading to inmate injury is relevant. (Docs. 56, 21:25-22:7)

In the event that another inmate suffered an injury involving the same shower bench on or around the time of Plaintiff's injury such that the accident might be relevant to Defendants' knowledge of the bench condition at the time of Plaintiff's injury, Defendants have responded that accidents are tracked by inmate name, not by type or date. The undue burden and/or expense of ferreting out responsive documents under these circumstances greatly outweighs any potential benefit to Plaintiff. Fed. R. Civ. P. 26(c)(1)(A). Therefore, no further response is required of Defendants. (*Id.*)

**POD 10:** "All documents written or created since June 27, 2005, that contain, mention, construe, or refer to any inspection, inquiry, or complaint about safety conditions or the risk of imminent danger at SATF, whether formal or informal, official or unofficial, including inmate, staff and civilian grievances, complaints or appeals, and including responses to such documents prepared by SATF staff or their agents." (Doc. 26, 23:24-24:2.)

**Response:** Defendants objected to this request as overbroad, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, unduly burdensome, oppressive, harassing, beyond the scope of time reasonably related to litigation, a violation of the privacy of Defendants and others, and calling for information regarding prison procedures which could compromise the safety and security of the institution and individuals. (*Id.*, 99:20-100:1.) Notwithstanding those objections, Defendants do not believe they have any such documents in their custody or control. (*Id.*)

1    **Ruling:** Plaintiff's motion to compel is granted in part and denied in part.

2    This request is similar to POD 9 and Defendants take the same position as they did with POD

3    9. Plaintiff's request is overly broad and to the extent it seeks documents relating to accidents or

4    risks of harm, Defendants have explained that such documents are not tracked by type or date.

5    Therefore, Plaintiff's request is denied as to those documents.

6    To the extent that Plaintiff is seeking inspection reports for the ADA shower in ASU at

7    SATF, his motion to compel an amended response is granted, limited to November 2006 to July

8    2007. If Defendants' counsel is informed by the Litigation Coordinator that no responsive

9    documents exist, Plaintiff is required to accept that answer. The Court understands, as does

10   Defendants' counsel, that Plaintiff desires a multitude of documents which will support his claim

11   that a dangerous condition existed and Defendants were aware of it but failed to take reasonable

12   measures to abate it. However, Plaintiff is cautioned that many of the documents he desires may not

13   exist and when that is the case, he is required to accept that response.

14   **POD 11:** "All other documents, items of evidence, or sworn or unsworn statements or

15   affidavits that relate to the allegations made in plaintiff's complaint." (Doc. 26, 24:3-4.)

16   **Response:** Defendants objected to this request as overbroad, but notwithstanding that

17   objection, they do not have any responsive documents in their custody or control. (*Id.*, 100:6-8.)

18   **Ruling:** Plaintiff's motion to compel is denied.

19   While Defendants responded that they do not have custody or control of any responsive

20   documents, their opposition to Plaintiff's motion to compel makes it clear that no responsive

21   documents exist. (Doc. 57, 2-13.) Plaintiff is required to accept that answer.

22   **POD 13:** "All documents that contain, mention, construe, or refer to any expert testimony

23   in this litigation." (Doc. 26, 24:11-12.)

24   **Response:** Defendants object to this request as premature, but notwithstanding that objection,

25   they do not currently have any responsive documents in their custody or control. (*Id.*, 100:21-23.)

26   **Ruling:** Plaintiff's motion to compel is denied.

27   Plaintiff is required to accept Defendants' answer that no such documents exist. In the event

28   that responsive documents are generated in the future, Plaintiff will be served with an amended

response.  Fed. R. Civ. P. 26(e).  Plaintiff is not entitled to dictate how Defendants prepare their defense and his argument that they should be required to provide him with these documents before they file their motion for summary judgment so he can prepare his case is meritless.

**POD 14:** "All documents that contain, mention, construe, or refer to the A.S.U. in SATF dating one (1) year back from the date of the incident of June 27, 2007's log books."  (Doc. 26, 24:13-14.)

**Response:** Defendants objected to this request as unintelligible.  (*Id.*, 100:28-101:3.)

**Ruling:** Plaintiff's motion to compel is granted in part.

After the parties met and conferred and Plaintiff clarified he was seeking log books for one year prior to June 27, 2007, Defendants were unable to locate any log books and determined that log books from 2007 are not kept at the institution.  Defendants represent that log books from 2007 may or may not be archived in a storage unit, and hiring someone to search for the log books would be overly burdensome.

However, Defendants' response regarding the unavailability of the log books is not addressed in counsel's accompanying declaration and in April 2013, Plaintiff obtained heavily redacted ASU log book pages for four dates through his Public Records Act request.  (Doc. 59, Ex. 5.)  In light of the fact that counsel's supporting declaration is silent regarding the log books and Plaintiff obtained some log book pages, Defendants are required to supplement their response to this request.  While the Court would be disinclined to order a burdensome, expensive search of a storage unit for evidence which might not exist, the Court is unpersuaded that the situation is as difficult and uncertain as described given the production of log book pages by the Public Records Act Coordinator at SATF.

To the extent Defendants are able to supplement their response and produce documents, the documents are limited to SATF's ASU in May and June 2007.  Plaintiff has not demonstrated the relevance of a broader time frame.  Defendants may redact any entries unrelated to the claim in this action and the Court is willing to review the unredacted log book pages *in camera* to assuage any concern by Plaintiff that relevant entries were redacted.

///

1    **POD 15:** "All documents that contain, mention, or refer to the names and CDCR numbers

2    of inmate/witnesses housed in E-section, of the Administrative Segregation Unit (A.S.U.), SATF,

3    dating one year back from the date of the incident of June 27, 2007." (Doc. 26, 24:15-17.)

4    **Response:** Defendants objected to this request as unintelligible, but notwithstanding that

5    objection, they responded that if Plaintiff is seeking information on potential witnesses to the June

6    27, 2007, incident, those names would be contained in the appeals documents produced to Plaintiff.

7    (*Id.*, 101:9-13.)

8    **Ruling:** Plaintiff's motion to compel a further response from Defendants is denied.

9    Plaintiff is entitled to the discovery of documents which could lead to the identification of

10   potential eye and ear witnesses. However, Plaintiff's request is overly broad and given that the

11   incident involved an ADA shower bench in ASU, Plaintiff is not entitled to the presumption that all

12   inmates in the unit would have actual knowledge of relevant facts. The Court will consider issuing

13   a subpoena duces tecum for the production of an inmate roster, but Plaintiff bears the burden of

14   identifying specific documents sought and either narrowing the request appropriately to net only the

15   names of inmates who are likely to have witnessed relevant events or demonstrating why it is not

16   appropriate or possible to further narrow the inquiry.[5,6] The Court is disinclined to order the

17   production of a roster from which there is no way to discern which inmates might have relevant

18   information. The burden of facilitating the obtainment of declarations from countless inmates is

19   almost certainly unduly burdensome, particularly when Plaintiff is already aware of the identity of

20   one potential witness who complained about the shower bench during the time period in question:

21   Craig Reed.[7]

22   ///

---

24   [5] If Defendants can assist with this production request and eliminate the need for the issuance of a subpoena
     duces tecum, their voluntary assistance would be appreciated.

26   [6] While the Court is aware that Plaintiff is proceeding pro se, it is his responsibility to identify the
     documents sought with sufficient precision to allow for their production. *See Pliler v. Ford*, 5452 U.S. 225, 231,

27   124 S.Ct. 2441 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants.").

28   [7] The Court has determined that inmate Reed is still incarcerated.

1   **POD 16:** "All documents that contain, mention, or refer to the names of all officers

2   performing their labor duties in C, D, E, and F-section from May 18, 2007, through August 31,

3   2007." (Doc. 26, 24:18-20.)

4   **Response:** Defendants objected to this request as overbroad, irrelevant, not reasonably

5   calculated to lead to the discovery of admissible evidence, unduly burdensome, oppressive,

6   harassing, beyond the scope of time reasonably related to litigation, a violation of the privacy of

7   Defendants and others, and calling for information regarding prison procedures which could

8   compromise the safety and security of the institution and individuals. (*Id.*, 101:18-26.)

9   Notwithstanding those objections, Defendants do not have any responsive documents in their

10  custody or control. (*Id.*)

11  **Ruling:** Plaintiff's motion to compel a further response from Defendants is denied.

12  Plaintiff is entitled to the production of documents which may lead to the identification of

13  potential witnesses and/or the identities of the Doe defendants.[8]  However, the request is overly

14  broad and Plaintiff fails to explain why he needs documents pertaining to multiple sections in the

15  housing unit or why he needs documents for dates subsequent to his injury.  The Court will consider

16  issuing a subpoena duces tecum but Plaintiff bears the burden of identifying the type of documents

17  at issue and ensuring the request is sufficiently narrow.  If he fails to do so, the Court will not issue

18  the subpoena.

19  **POD 17:** "All documents that contain, mention, construe, or refer to defendants['] criminal

20  records including but not limited to citations." (Doc. 26, 24:21-22.)

21  **Response:** Defendants objected to this request as overbroad, irrelevant, not reasonably

22  calculated to lead to the discovery of admissible evidence, beyond the scope of time reasonably

23  related to litigation, a violation of the privacy of Defendants and others. (*Id.*, 102:3-8.)

24  **Ruling:** Plaintiff's motion to compel is denied.

25  ///

26

27  ───────────

    [8] Defendants are correct that the deadline to amend to add parties has expired, but if any of the discovery at
28  issue leads to the identification of the Doe defendants, good cause may exist to modify the scheduling order, limited
    to naming the Does.

Plaintiff has not demonstrated the relevance of this information to his claim. This action does not involve the use of excessive force or discrimination and therefore, Plaintiff's argument that he seeks to present evidence of violent behavior and bias lacks merit.

### E.   Request for Inspection

**Request:** Plaintiff seeks to inspect and photograph the ASU, the E-section entrance, the ADA shower entrance, the ADA shower in ASU, the current shower bench, and the broken shower bench removed shortly after Plaintiff's accident on June 17, 2007.  (Doc. 26, 86:22-87:2.)

**Response:** Defendants do not have control over the property and cannot allow for an inspection.  (*Id.*, 91:2-4.)

**Ruling:** Plaintiff's motion for an inspection is denied.

First, Plaintiff does not have a camera and he may not compel Defendants to provide him with one or to take photographs and provide him with those.  Discovery does not entitle the requesting party to demand the creation of evidence by the responding party.

Second, the ADA shower bench at issue was replaced years ago and Plaintiff was informed that the broken shower bench was not kept.  Plaintiff is required to accept that answer and he has not demonstrated how an inspection of the ADA shower stall in its present state is relevant to his claim involving a broken bench no longer in existence.

Third, Plaintiff has not demonstrated the relevance of inspecting any of the other areas in ASU identified in his request.  It bears repeating that Plaintiff's claim is confined to the issue of whether the shower bench in the condition it was in during May and June 2007 posed an objectively serious risk of harm to Plaintiff's health or safety, and if so, whether Defendants were aware of the risk and failed take appropriate action.

### III.   Supplemental Motion to Compel

Plaintiff filed a supplemental motion to compel on April 29, 2013.  In the motion, he seeks further relief from the Court with respect to POD 14 and he seeks leave to amend.

### A.   POD 14

Plaintiff seeks to supplement his motion to compel as to POD 14 based on events which occurred in 2013 and involve the production of documents by J. Cordova, SATF's Public Records

Act Coordinator.  (Doc. 59, Ex. 5, p. 18.)  Plaintiff's motion to supplement is denied.  Discovery remains open only as to the issues set forth in Plaintiff's earlier motions to compel. (Doc. 50, Order, 2:8-14.) Plaintiff may not now expand this limitation to include a challenge arising out of documents he sought and received through his Public Records Act request.[9]

### B.   Motion to Amend

In his supplemental motion, Plaintiff also seeks leave to amend to add Mike Walls and Duane Halvorson, both of whom are carpenters, in place of Does 2 and 3.  However, while the Court found that Plaintiff's complaint stated a claim against Does 2 and 3, they are identified as second watch correctional officers to whom Plaintiff immediately reported the broken bench following his arrival in SATF's ASU. (Doc. 1, Comp., p. 3, § III(B) & 4:3-6.)  Walls and Halvorson are not Does 2 and 3 but new parties.

The deadline for amending the pleadings was March 25, 2012, and a scheduling order "may be modified only for good cause," and by leave of court.[10]  Fed. R. Civ. P. 16(b)(4).  "A scheduling order is not a frivolous piece of paper, idly entered. . . ." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (internal quotation marks and citation omitted).  "The schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson*, 975 F.2d at 607).  "If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." *Id.*

While Plaintiff was granted an extension of the amended pleadings deadline, it was limited to amending to identify Does 1, 2, and 3. (Doc. 50, Order, 3:18-24.)  Plaintiff's motion to amend to add new parties is denied as untimely.

///

///

---

[9] However, as discussed in section II(D)(2), the fact that Plaintiff was able to obtain log book pages through his Public Records Act request is relevant to the ruling on his motion to compel a further response by Defendants.

[10] Docs. 25, 50.

1

**IV.** **Conclusion and Order**

2   Plaintiff's motion to compel is granted in part and denied in part. Where Plaintiff's motion

3   was granted, Defendants have thirty days to serve amended responses, subject to the clarifications

4   and limitations discussed herein. Once Plaintiff is served with the amended responses, he may file

5   an additional motion to compel if necessary, limited to the amended responses. However, Plaintiff

6   is cautioned that his mere disagreement with a substantive response or a denial of a request for

7   admission will not support any further relief. The objections or responses must be incomplete,

8   evasive, or otherwise inappropriate to support a request for further relief.

9   For PODs 15 and 16, Plaintiff's motion for further response from Defendants was denied but

10   Plaintiff may be entitled to the issuance of a subpoena duces tecum if he cures the identified

11   deficiencies. Plaintiff has thirty days to provide the additional information relating to those PODs,

12   including upon which third parties the subpoenas must be served.

13   Based on the foregoing, it is HEREBY ORDERED that:

14   1.   Plaintiff's motion to compel, filed on October 1, 2012, is GRANTED IN PART and

15   DENIED IN PART as follows:

16   a.   Defendants have **thirty (30) days** from the date of service of this order within

17   which to serve amended responses to Garcha and Hacker ROGs 20; Fouch

18   RFAs 7 and 9; Lines RFA 7; Hacker RFAs 7, 9, 10, 11, 17, and 27; and

19   PODs 1, 2, 5, 10, 14;

20   b.   Plaintiff's motion to compel further responses is denied as to Hacker RFA

21   23; PODs 6, 7, 8, 9, 11, 13, 15, 16, and 17; and the request for inspection;

22   c.   Plaintiff may be entitled to the issuance of a subpoena duces tecum for PODs

23   15 and 16 , if he is able to make the showing set forth herein within **thirty**

24   **(30) days** from the date of service of this order;

25   d.   If another motion to compel is necessary following receipt of amended

26   responses for Garcha and Hacker ROGs 20; Fouch RFAs 7 and 9; Lines RFA

27   7; Hacker RFAs 7, 9, 10, 11, 17, and 27; and PODs 1, 2, 5, 10, 14, the filing

28   ///

deadline is **thirty (30) days** from the date of service of Defendants' amended responses; and

e.    Any motion for an extension of a deadline set forth herein must be served on or before the deadline in question;

2.    Plaintiff's supplemental motion to compel, filed on April 29, 2013, is DENIED as untimely; and

3.    Plaintiff's motion to seeking leave to amend to add new parties, filed on April 29, 2013, is DENIED as untimely.

IT IS SO ORDERED.

**Dated:    July 15, 2013**                    /s/ Sheila K. Oberto
UNITED STATES MAGISTRATE JUDGE