# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LUIS MARTINEZ,

Plaintiff,

v.

GARSHA, et al.,

Defendants.

_______________________________________/

Case No. 1:09-cv-00337-LJO-SKO PC

ORDER DENYING MOTION FOR RECONSIDERATION, WITH PREJUDICE

(Doc. 66)

## I. <u>Background</u>

Plaintiff Luis Martinez, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on February 24, 2009. This action for damages is proceeding against Defendants Garcha, Lines, Hacker, Fouch, and Does 1-3 for violating the Eighth Amendment of the United States Constitution.

On August 26, 2013, Plaintiff filed a motion for reconsideration of the Magistrate Judge's rulings with respect to document production requests (PODs) 5, 8, and 14, resolved in the order filed on July 15, 2013. In the same filing, Plaintiff provided information regarding the issuance of a subpoena duces tecum, in compliance with the order resolving his motion to compel. That issue is not addressed in this order, as it does not relate to Plaintiff's request for reconsideration.

Defendants did not file a response to the motion and it has been submitted under Local Rule 230(*l*).

**II. Legal Standard**

Reconsideration motions are committed to the discretion of the trial court. *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (en banc); *Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987). A party seeking reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse a prior decision. *See e.g., Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

This Court reviews a motion to reconsider a Magistrate Judge's ruling under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a). As such, the court may only set aside those portions of a Magistrate Judge's order that are either clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); *see also Grimes v. City and County of San Francisco*, 951 F.2d 236, 240 (9th Cir.1991) (discovery sanctions are non-dispositive pretrial matters that are reviewed for clear error under Fed. R. Civ. P. 72(a)).

A magistrate judge's factual findings are "clearly erroneous" when the district court is left with the definite and firm conviction that a mistake has been committed. *Security Farms v. International Bhd. of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997); *Green v. Baca*, 219 F.R.D. 485, 489 (C.D. Cal. 2003). The "'clearly erroneous' standard is significantly deferential." *Concrete Pipe and Products of California, Inc. v. Construction Laborers Pension Trust for Southern California*, 508 U.S. 602, 623, 113 S.Ct. 2264 (1993).

The "contrary to law" standard allows independent, plenary review of purely legal determinations by the magistrate judge. *See Haines v. Liggett Group, Inc.*, 975 F.2d 81, 91 (3rd Cir.1992); *Green*, 219 F.R.D. at 489; *see also Osband v. Woodford*, 290 F.3d 1036, 1041 (9th Cir. 2002). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Knutson v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 553, 556 (D. Minn. 2008); *Rathgaber v. Town of Oyster Bay*, 492 F.Supp.2d 130, 137 (E.D.N.Y. 2007); *Surles v. Air France*, 210 F.Supp.2d 501, 502 (S.D.N.Y. 2001); *see Adolph Coors Co. v. Wallace*, 570 F.Supp. 202, 205 (N.D. Cal. 1983).

///

"Pretrial orders of a magistrate under § 636(b)(1)(A) . . . are not subject to a de novo determination. . . ." *Merritt v. International Bro. of Boilermakers*, 649 F.2d 1013, 1017 (5th Cir. 1981). "The reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes*, 951 F.2d at 241; *see Phoenix Engineering & Supply v. Universal Elec.*, 104 F.3d 1137, 1141 (9th Cir. 1997) ("the clearly erroneous standard allows [for] great deference"). A district court is able to overturn a magistrate judge's ruling "'only if the district court is left with the definite and firm conviction that a mistake has been made.'" *Computer Economics, Inc. v. Gartner Group, Inc.*, 50 F.Supp.2d 980, 983 (S.D. Cal. 1999) (quoting *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997)). Furthermore, "[m]otions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs." *Hendon v. Baroya*, 2012 WL 995757, at *1 (E.D. Cal. 2012) (citing *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001); *Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925–26 (9th Cir. 1988)).

## III. Discussion

### A. Magistrate Judge's Order as to PODs 3, 5, and 14

Plaintiff seeks reconsideration of the order granting in part and denying in part his motion to compel. The three rulings at issue are as follows:

> **POD 5:** "All documents that evidence, mention, or refer to every defendant's institutional conduct or disciplinary history during their employment with the California Department of Corrections and Rehabilitation." (Doc. 26, 23:11-13.)
>
> **Response:** Defendants objected to this request as overbroad, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, unduly burdensome, oppressive, harassing, vague as to "institutional conduct," compound, containing subparts, beyond the scope of time reasonably related to litigation, and a violation of the privacy of Defendants and others. (*Id.*, 97:10-12.)
>
> **Ruling:** Plaintiff's motion to compel is granted in part and denied in part.
>
> Other than a very limited exception discussed below, Plaintiff has not demonstrated how this information is relevant. Plaintiff is proceeding on a claim for violation of the Eighth Amendment, which requires that he demonstrate: (1) the existence of an objectively serious risk of harm to his health or safety, which in this case was a broken shower bench, and (2) Defendants' knowledge and disregard of that risk of harm. *E.g., Farmer v. Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); *Thomas*

*v. Ponder*, 611 F.3d 1144, 1150-51 (9th Cir. 2010). Plaintiff's request is overbroad as to time frame and type of conduct and/or disciplinary action, but notwithstanding those deficiencies, the relevance of Defendants' general conduct and/or disciplinary histories is unclear given the nature of Plaintiff's legal claim. Plaintiff's citations to authority involve cases where incidents of force and/or bias were relevant to the legal claims.[1] *Barnes v. City of Cincinnati*, 401 F.3d 729, 741-42 (6th Cir. 2005); *Heno v. Sprint/United Management Co.*, 208 F.3d 847, 856 (10th Cir. 2000); *Ramirez v. County of Los Angeles*, 231 F.R.D. 407, 411-12 (C.D. Cal. 2005). This case, however, does not involve claims arising from the use of excessive force or discrimination.

The only documents in Defendants' personnel files with any discernible relevance would be those relating to their knowledge of a broken shower bench in May and June of 2007 (presumably in the form of a notation, reprimand, or disciplinary action). If documents responsive to that narrow inquiry are contained in Defendants' personnel files, they are ordered to turn those over. If no such documents exist, Plaintiff is required to accept that answer.

With respect to Defendants' invocation of the official information privilege, Defendants bear the burden of the initial showing, which requires a privilege log and an affidavit from an agency official in control of the documents. *Oyarzo*, 2013 WL 1758798, at *9-10 (citing *Soto*, 162 F.R.D. at 613 and *Kelly v. City of San Jose*, 114 F.R.D. 653, 660-61 (N. D. Cal. 1987)); *see also Randle v. Franklin*, No. CV 1-08-00845-JAT, 2010 WL 3069205, at *3 (E.D. Cal. Aug. 3, 2010) ("[T]he Defendant has the burden of showing that confidentiality and safety concerns override the liberal discovery procedures outlined in Fed. R. Civ. P. 26."). Mere argument is insufficient and in this instance, it is not clear that responsive documents even exist. If they do, Defendants may seek a protective order which complies with requirements for invoking the privilege, but the Court cannot make a ruling regarding documents which may or may not exist based on a bare claim of privilege.

**POD 8:** "All documents that evidence, contain, mention, construe, or refer to the removal of the broken shower bench and the replacement including but not limited to receipts of purchase of the replacement." (Doc. 26, 23:19-21.)

---

[1] The underlying facts in the fourth case cited by Plaintiff, *Brandon v. Beard*, 140 F.R.D. 328, 329 (M.D. PA 1991), are unclear but the plaintiff was seeking hiring dates, termination dates, and educational history. Given the paucity of facts in the order and the nature of the claim in *this* action, the decision does not persuade the Court that Plaintiff is entitled to look in Defendants' personnel files for incidents of misconduct. *See Ceramic Corp. of America v. Inka Maritime Corp. Inc.*, 163 F.R.D. 584, 589 (C.D. Cal. 1995) ("In recent years, the courts have routinely ordered the production of personnel files of third parties in *employment discrimination* and *police brutality* cases.") (emphasis added); *see also Oyarzo v. Tuolumne Fire Dist.*, No. 1:11-cv-01271-LJO-SAB, 2013 WL 1758798, at *9-10 (E.D. Cal. Apr. 24, 2013) (scope of discovery in employment actions can be broad and include employment records); *Haney v. Woods*, No. 2:11-cv-2196 JAM EFB P, 2013 WL 870665, at *2 (E.D. Cal. Mar. 7, 2013) (ordering production of relevant documents in a retaliation case); *Thomas v. Beutler*, No. 2:10-cv-01300 MCE CKD P, 2012 WL 4845571, at *7-8 (E. D. Cal. Oct. 10, 2012) (ordering production of personnel records concerning use of force and dishonesty, in an excessive force and retaliation case).

**Response:** Defendants objected to the term "broken," and to the request as vague as to time. (*Id.*, 98:24-27.) Notwithstanding those objections, Defendants produced documents responsive to the shower bench which was removed, repaired, and replaced prior to Plaintiff's alleged fall. (*Id.*)

**Ruling:** Plaintiff's motion to compel is denied.

Defendants have produced all existing responsive documents. (Doc. 57, 18:3-9.) Plaintiff is required to accept that answer, and his assertion regarding the lack of authenticated documents produced is meritless; documents produced by Defendants in response to Plaintiff's discovery requests are deemed authentic. *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 777 n.20 (9th Cir. 2002) (citing *Maljack Productions, Inc. v. GoodTimes Home Video, Corp.*, 81 F.3d 881, 889 n.12 (9th Cir. 1996)).

**POD 14:** "All documents that contain, mention, construe, or refer to the A.S.U. in SATF dating one (1) year back from the date of the incident of June 27, 2007's log books." (Doc. 26, 24:13-14.)

**Response:** Defendants objected to this request as unintelligible. (*Id.*, 100:28-101:3.)

**Ruling:** Plaintiff's motion to compel is granted in part.

After the parties met and conferred and Plaintiff clarified he was seeking log books for one year prior to June 27, 2007, Defendants were unable to locate any log books and determined that log books from 2007 are not kept at the institution. Defendants represent that log books from 2007 may or may not be archived in a storage unit, and hiring someone to search for the log books would be overly burdensome.

However, Defendants' response regarding the unavailability of the log books is not addressed in counsel's accompanying declaration and in April 2013, Plaintiff obtained heavily redacted ASU log book pages for four dates through his Public Records Act request. (Doc. 59, Ex. 5.) In light of the fact that counsel's supporting declaration is silent regarding the log books and Plaintiff obtained some log book pages, Defendants are required to supplement their response to this request. While the Court would be disinclined to order a burdensome, expensive search of a storage unit for evidence which might not exist, the Court is unpersuaded that the situation is as difficult and uncertain as described given the production of log book pages by the Public Records Act Coordinator at SATF.

To the extent Defendants are able to supplement their response and produce documents, the documents are limited to SATF's ASU in May and June 2007. Plaintiff has not demonstrated the relevance of a broader time frame. Defendants may redact any entries unrelated to the claim in this action and the Court is willing to review the unredacted log book pages *in camera* to assuage any concern by Plaintiff that relevant entries were redacted.

### B. Ruling on Motion for Reconsideration

Plaintiff's motion for reconsideration of the ruling as to POD 5 is denied. Plaintiff's motion to compel was granted, but the Magistrate Judge properly limited the documents to those

relevant to his legal claim. Fed. R. Civ. P. 26(b)(1). Plaintiff's disagreement with that determination is not grounds for reconsideration and the order was neither clearly erroneous nor contrary to law.

Next, Plaintiff seeks reconsideration of the ruling as to POD 8. Plaintiff's request for log books was addressed by the ruling in his favor as to POD 14. As for the other documents, Defendants are required to produce only those documents which are in their possession, custody, or control. Fed. R. Civ. P. 34(a)(1). The fact that Plaintiff's California Public Records Act (CPRA) request netted additional documents is not proof that Defendants' response to his document production request was untruthful, as Plaintiff asserts.[1]

A CPRA request is made to an agency whereas a request for the production of documents is limited to those documents in Defendants' possession, custody, or control. It is reasonable to expect that a CPRA request to the prison may result in the production of a broader range of documents than will a Rule 34 document production request, with its limitation to documents within Defendants' possession, custody, or control. For example, the carpenters' personnel time sheets, which were produced in response to Plaintiff's CPRA request, would almost certainly *not* be within the possession, custody, or control of the correctional staff members being sued in this action.

The Magistrate Judge's ruling was neither clearly erroneous nor contrary to law, and Plaintiff's motion for reconsideration is denied.

Finally, Plaintiff's motion for reconsideration of the ruling as to POD 14 is denied. Plaintiff's motion to compel was granted, subject to the parameters set forth in the order. Plaintiff's argument that he is entitled to an order compelling a supplemental response from Defendants makes no sense in light of the order that Defendants supplement their response.

///

///

///

///

[1] Cal. Gov't Code §§ 6250, et seq.

**IV. Order**

For the reasons set forth herein, Plaintiff's motion for reconsideration is HEREBY DENIED, with prejudice, and this matter is referred back to the Magistrate Judge for consideration of the remaining issue relating to the issuance of a subpoena duces tecum.

IT IS SO ORDERED.

Dated: **October 2, 2013**

**/s/ Lawrence J. O'Neill**
UNITED STATES DISTRICT JUDGE