# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS MARTINEZ, | Case No. 1:09-cv-00337-LJO-SKO (PC) |
| Plaintiff, | ORDER DENYING MOTION FOR ISSUANCE OF SUBPOENA DUCES TECUM, WITH PREJUDICE |
| v. | |
| GARSHA, et al., | (Doc. 76) |
| Defendants. | |

Plaintiff Luis Martinez, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on February 24, 2009. This action for damages is proceeding against Defendants Garcha, Lines, Hacker, Fouch, and Does 1-3 for violating the Eighth Amendment of the United States Constitution.

On October 28, 2013, Plaintiff filed a motion seeking the issuance of a subpoena duces tecum. Defendants did not file an opposition.

Plaintiff seeks the following documents from an unidentified third party, presumably the prison: (1) Mike Walls' personnel time sheet summary, (2) Duane Halvorsen's personnel time sheet summary, (3) Mike Walls' plant operation log book, (4) Duane Halversen's plant operation log book, (5) Mike Walls' maintenance log book, (6) Duane Halvorsen's maintenance log book, and (7-10) four work orders identified by log number and date. Fed. R. Civ. P. 45. Plaintiff's motion is denied, with prejudice, on two grounds.

First, Plaintiff's motion is untimely and it was filed in violation of prior court orders. Fed. R. Civ. P. 16(b). The deadline for the completion of all discovery was March 25, 2012, with the exception of the discovery at issue in the fourth motion to compel filed by Plaintiff on October 1, 2012.[1] On July 15, 2013, the Court issued an order (1) granting in part and denying in part Plaintiff's fourth motion to compel and (2) granting Plaintiff thirty days within which to supplement his request for the issuance of a subpoena duces tecum regarding PODs 15 and 16. (Doc. 62.) Defendants were ordered to serve supplemental responses to some discovery requests within thirty days and Plaintiff was granted thirty days from the date of service of the supplemental responses to file another motion to compel.

On August 15, 2013, the Court granted Defendants' motion for an extension of time to serve their supplemental responses, and on August 26, 2013, Plaintiff (1) filed a motion for reconsideration of the order granting in part and denying in part his motion to compel and (2) provided the additional information regarding the subpoena duces tecum, in compliance with the order filed on July 15, 2013. (Doc. 66.) On October 3, 2013, the Honorable Lawrence J. O'Neill denied Plaintiff's motion for reconsideration regarding the ruling on Plaintiff's motion to compel, and on October 9, 2013, the undersigned denied Plaintiff's motion for the issuance of a subpoena duces tecum as to PODs 15 and 16. (Docs. 68, 69.) On October 23, 2013, the Court granted Plaintiff's motion for a thirty-day extension of time to file a motion to compel. (Doc. 74.) Plaintiff did not file a motion to compel.

Accordingly, the discovery phase of this case is now closed. Fed. R. Civ. P. 16(b); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) ("A scheduling order is not a frivolous piece of paper, idly entered. . . .") (internal quotation marks and citation omitted).

Second, Federal Rule of Civil Procedure 45(d)(1) requires the Court to enforce the duty on parties and attorneys to "take reasonable steps to avoid imposing an undue burden or expense on a person subject to a subpoena." Plaintiff already obtained the documents in question through a California Public Records Act request sent to the CPRA Coordinator at the prison. (Doc. 59, Ex.

---

[1] Plaintiff withdrew his first motion to compel and his second and third motions to compel were denied without prejudice to renewal. Plaintiff renewed his motion to compel and the discovery disputes identified therein comprised the discovery left at issue.

5.) Plaintiff has provided no justification, and the Court can discern none, for burdening CSTAF or its staff with another records request, this time via a Rule 45 subpoena, when CSATF already produced the documents to Plaintiff via his CPRA request. A Rule 45 subpoena would impose an undue burden and an undue expense under these circumstances. Fed. R. Civ. P. 45(d)(1).

For the reasons set forth herein, Plaintiff's motion for the issuance of a subpoena duces tecum is HEREBY DENIED, with prejudice.

IT IS SO ORDERED.

Dated:   **June 13, 2014**                             /s/ Sheila K. Oberto
                                                                        UNITED STATES MAGISTRATE JUDGE

3