# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS MARTINEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>GARSHA, et al.,<br><br>    Defendants. | Case No. 1:09-cv-00337-LJO-SKO (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR LEAVE TO FILE AN AMENDED COMPLAINT NAMING DOES 1, 2, AND 3, WITH PREJUDICE<br><br>(Docs. 77 and 80)<br><br>ORDER SETTING PRETRIAL DISPOSITIVE MOTION DEADLINE FOR SEPTEMBER 8, 2014<br><br>(Docs. 17 and 50)<br><br>ORDER REQUIRING DEFENDANTS TO SUPPLY DATES CORRESPONDING WITH UNDATED ISOLATION LOGS WITHIN THIRTY DAYS<br><br>(Doc. 83) |

## I. Procedural History

Plaintiff Luis Martinez ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on February 24, 2009. This action for damages is proceeding against Defendants Garcha, Lines, Hacker, Fouch, and Does 1, 2, and 3 for violating Plaintiff's rights under the Eighth Amendment of the United States Constitution during Plaintiff's incarceration at California Substance Abuse Treatment Facility and State Prison, Corcoran ("SATF"), located in Corcoran, California. Plaintiff's claim arises from

events which occurred during May and June 2007 in the Administrative Segregation Unit ("ASU") at SATF.

On July 15, 2013, the Court issued an order granting in part and denying in part Plaintiff's fourth motion to compel. (Doc. 62.) Defendants Garcha, Lines, Hacker, and Fouch ("Defendants") were ordered to serve amended responses within thirty days and Plaintiff was ordered to file a motion to compel within thirty days from the date of service of the responses, if one was necessary. (*Id.*) In the order, the Court noted that although the deadline to amend the pleadings had expired, if any of the discovery at issue in Plaintiff's motion to compel led to the identification of the Doe defendants, good cause may exist to modify the scheduling order to name the Doe defendants. Fed. R. Civ. P. 16(b)(4). (Doc. 62, p. 19 n. 8; *see also* Doc. 50.)

Following issuance of that order, Defendants sought a fourteen-day extension of time to serve their amended discovery responses and Plaintiff sought a thirty-day extension of time to file a motion to compel, both of which were granted. (Docs. 65, 74.) Plaintiff did not thereafter file another motion to compel and discovery is now closed.

However, on October 21, 2013, Plaintiff submitted an amended complaint, which is presently lodged with the Court. (Doc. 73.) On October 23, 2013, the Court ordered Plaintiff to file a motion seeking leave to amend supported by a showing of good cause within thirty days or his lodged complaint would be stricken from the record. Fed. R. Civ. P. 16(b)(4). (Doc. 74.)

On October 30, 2013, Plaintiff filed a motion seeking leave to amend, in compliance with the Court's order, and Defendants filed their opposition on November 13, 2013. (Docs. 77, 79.) Plaintiff then filed a supplemental motion seeking leave to amend on December 5, 2013, and Defendants filed their opposition to the supplemental motion on December 6, 2013. (Docs. 80, 81.) On December 6, 2013, Plaintiff filed a reply to the opposition to his first motion to amend, and on December 23, 2013, Plaintiff filed a reply to the opposition to his supplemental motion to amend. (Docs. 82, 83.)

Plaintiff's motions to amend have been submitted upon the record without oral argument pursuant to Local Rule 230(*l*), and for the reasons which follow, Plaintiff's motions are denied.

///

**II.     Discussion**

      **A.     Modification of Scheduling Order to Amend to Name Doe Defendants**

            **1.     Standard**

"A scheduling order is not a frivolous piece of paper, idly entered. . . ." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (internal quotation marks and citation omitted). Modification of the pretrial scheduling order requires a showing of good cause. Fed. R. Civ. P. 16(b)(4). "The schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson*, 975 F.2d at 607). "If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." *Id.*

            **2.     Background**

In this case, the deadline for amending the pleadings was March 25, 2012. (Doc. 25.) In its order of July 15, 2013, however, the Court recognized a possibility of amendment to name Doe defendants 1 through 3, *if* Plaintiff could demonstrate that he was able to identify the Doe defendants through the discovery obtained following the resolution of his fourth motion to compel, which included, in part, entitlement to amended discovery responses.[1] *See Crowley v. Bannister*, 734 F.3d 967, 978 (9th Cir. 2013) (plaintiff should be given opportunity through discovery to identify unknown defendants). (Docs. 50, 62.) The Court was clear that Plaintiff needed to show good cause, which requires him to demonstrate due diligence. Fed. R. Civ. P. 16(b)(4). (Doc. 62.)

Plaintiff is paraplegic and his claim arises out of injuries he sustained from a broken shower bench. (Doc. 1, Comp.) Plaintiff was transferred to SATF on May 18, 2007, and upon his arrival at the ASU, he discovered that the bench seat in the shower for disabled inmates was broken. (*Id.*) Plaintiff alleges that he complained but nothing was done, and on June 27, 2007, he slipped and fell in the shower. In the course of attempting to steady himself by grabbing the

---

[1] At the time the order was issued, there was a possibility that Defendants' amended discovery responses might result in the filing of an additional motion to compel. (Doc. 62, 22:4-5 & 22:25-23:2.) Plaintiff did not file another motion to compel, however, and discovery is now closed, as previously stated in section I.

bench, the end of the bench "severed and collapsed." (*Id.*, 5:16.) Plaintiff fell to the shower floor, seriously injuring himself. (*Id.*)

Doe 1 was allegedly a third watch correctional officer and Does 2 and 3 were allegedly second watch correctional officers. (Doc. 1.) Plaintiff now seeks to amend to substitute M. Uranga, M. Lefler, and A. Rodriguez for Does 1, 2, and 3. In his first motion, Plaintiff represents that he located three inmate witnesses, one of whom provided him with a declaration, and that he has identified the Doe defendants as Uranga, Lefler, and Rodriguez. (Doc. 77.) In his supplemental motion, filed after receipt of Defendants' first opposition, Plaintiff states that on August 8, 2013, he obtained a declaration from inmate Nordlof, which he had been "diligently" seeking. (Doc. 80, pp. 2-3, Martinez Dec., ¶4.) Plaintiff states that he notified the Court on August 26, 2013, he did not need any subpoenas duces tecum because he had identified the Doe defendants through the information provided by inmate Nordlof. (Martinez Dec., ¶5.)

Plaintiff also attests that on April 10, 2013, he obtained ASU isolation log book pages from the Public Records Act coordinator ("PRA") at SATF and he "came across a couple names identifying the Doe Defendants." (*Id.*, ¶7.) Further, on September 4, 2013, Plaintiff obtained ASU isolation log book pages via the amended discovery responses Defendants were ordered by the Court to provide in the order of July 15, 2013. (*Id.*, ¶8.)

Defendants oppose Plaintiff's first motion to amend on the grounds that he failed to show good cause under Rule 16(b)(4). Defendants argue that under Rule 16(b)(4) and the Court's operative order, Plaintiff must show due diligence and he must show that he obtained the names of the Doe defendants through the discovery received as a result of the July 15, 2013, order partially granting Plaintiff's motion to compel. Defendants assert that Plaintiff was served with amended responses in compliance with the order in August 2013, yet he waited until the end of October 2013 to attempt to amend, and he failed to show good cause for that more than sixty-day delay. In Defendants' opposition to Plaintiff's supplemental motion to amend, Defendants argue that Plaintiff failed to demonstrate *how* the documents provided by inmate Nordlof in August 2013 allowed him to identify the three Doe defendants and that Plaintiff's explanation demonstrates that he did not get the information via the discovery resulting from the Court's order of July 15, 2013.

4

In his first reply, Plaintiff states, in relevant part, that he received Defendants' amended discovery responses on September 4, 2013, and those responses allowed him to confirm the Doe defendants' identities. (Doc. 82.) In his second reply, Plaintiff states that although the names of the Doe defendants were not provided by Defendants, he was able to confirm their identities through the isolation logs provided by Defendants with their amended discovery responses. (Doc. 83.) Plaintiff contends that the information provided by inmate Nordlof and the isolation logs shows the identities of Does 1, 2, and 3. (*Id.*) Plaintiff also contends that over time, he asked multiple inmates if they were housed in the SATF ASU in 2007 and it was not until August 2013 that he encountered inmate Nordlof at California State Prison-Lancaster ("Lancaster"), who provided Plaintiff with a declaration and documents identifying the Doe defendants. (*Id.*)

### 3.   **Findings**

Although Plaintiff argues that he has been diligently pursuing the Doe defendants' identities through discovery and Defendants have resisted, Plaintiff's broad, general arguments regarding his overall attempts to discover the Doe defendants' identities throughout the course of this litigation overlook the Court's orders, which define the parameters regarding amendment. Throughout the course of discovery, the Court has resolved the parties' discovery disputes, resulting in the narrowing of the remaining discovery issues. On July 3, 2012, the Court stated that the deadline to amend the pleadings was March 25, 2012, but there was good cause to extend the deadline to allow Plaintiff to identify the Doe defendants through discovery, limited to the discovery extension identified in the order. (Doc. 50.) Subsequently, approximately one year later, on July 15, 2013, the Court recognized that it "if any of the discovery at issue [in Plaintiff's final motion to compel led] to the identification of the Doe defendants, good cause may exist to modify the scheduling order, limiting to naming the Does." (Doc. 62, p. 19 n.8.)

Thus, in accordance with the Court's operative order, to the extent that Plaintiff may be entitled, under Rule 16(b)(4), to a modification of the amended pleadings deadline to allow him to name the Doe defendants, he must demonstrate that he obtained the identities of the Doe defendants through the final round of discovery provided by Defendants in compliance with the order of July 15, 2013.

Turning now to the issue of good cause to modify the scheduling order to permit amendment, Plaintiff's first motion, filed on October 30, 2013, provides that (1) he identified the Doe defendants as Uranga, Lefler, and Rodriguez and (2) he gave prior notice on August 26, 2013, that, following his transfer to Lancaster, he identified the Doe defendants as Uranga, Lefler, and Rodriguez. (Doc. 77, 1:26-2:1 & p. 2, Martinez Dec., ¶2; Doc. 66, 3:7-9.) Plaintiff's second motion, filed on December 5, 2013, provides that he was able to identify the Doe defendants through information provided to him by inmate Nordlof on August 8, 2013, information which Plaintiff diligently sought through discovery. (Doc. 80, Martinez Dec., ¶¶4-6.) Plaintiff also attests that he received isolation log books on April 10, 2013, from the PRA coordinator and he came across a couple of names of Doe defendants; and he attests he received isolation log books from Defendants on September 4, 2013, which he needed to confirm the Doe defendants' identities. (*Id.*, Martinez, Dec., ¶¶7, 8.) From these three sources, Plaintiff was purportedly able to identify the Doe defendants. (*Id.*, Martinez Dec., ¶10.)

### a. Information from Inmate Nordlof

Turning first to the information provided by inmate Nordlof, Plaintiff transferred from SATF to Lancaster sometime between June and August 2013, and he obtained a declaration and some documents from inmate Nordlof on August 8, 2013. (Doc. 63; Doc. 80, Martinez Dec., ¶4.) Clearly, this information, which was obtained almost eighteen months after the expiration of the amended pleadings deadline, was not provided to Plaintiff by virtue of any response by Defendants to the Court's order of July 15, 2013. Further, as discussed further in section II(B)(1), inmate Nordlof did not, through his declaration or the documents he provided, identify the Doe defendants as Uranga, Lefler, and Rodriguez. (Doc. 66, pp. 61-63, Nordlof Dec; Doc. 80, pp. 7-32.)

### b. Isolation Log Books Pages Produced by PRA Coordinator

There are two issues with respect to the isolation log books provided by the SATF PRA coordinator. First, those records were produced in April 2013. Thus, not only were the records not produced in response to the order of July 15, 2013, but they were received four months before

1 Plaintiff stated he had identified the Doe defendants and six months before he submitted his
2 amended complaint.

3 Second, the responsive documents are part of the record in this action and they contradict
4 Plaintiff's representation that he came across the Does' names in the isolation log book pages.
5 (Doc. 59, court record pp. 20-25.) In fact, the isolation log book pages produced by the PRA
6 coordinator do not contain *any* staff names and they could not have assisted Plaintiff in identifying
7 Officers Uranga, Lefler, and Rodriguez.

### c. Amended Discovery Responses Received September 4, 2013

9 Finally, Plaintiff asserts that he received necessary information regarding the identities of
10 the Doe defendants from Defendants on September 4, 2013. This information would fall within
11 the terms of the Court's July 15, 2013, order, *if* Plaintiff could show that the identifying
12 information was obtained only through the receipt of those amended discovery responses.
13 However, Plaintiff identified the Doe defendants as Uranga, Lefler, and Rodriquez *prior* to his
14 receipt of those amended discovery responses. (Doc. 66, 2:4-9.) Further, as discussed in section
15 II(B)(3), the documents do not actually identify the Doe defendants as Uranga, Lefler, and
16 Rodriguez but instead simply show that on three particular days, Uranga, Lefler, and Rodriguez
17 were on duty, along with nine to eleven other officers. (Doc. 83, pp. 6-8.)

### d. Conclusion

19 Based on the foregoing, the Court finds that Plaintiff has not, and cannot, show that he was
20 able to identify Officers Uranga, Lefler, and Rodriguez as Does 1 through 3 only after receiving
21 Defendants' amended discovery responses on September 4, 2013. In placing the parties on notice
22 that under certain limited circumstances, Plaintiff might be able to show good cause to amend to
23 name the Doe defendants if their identities were ascertained only through resolution of the parties'
24 final discovery dispute, the Court recognized the possibility - however unlikely - that the
25 information provided to Plaintiff by Defendants in compliance with the order of July 15, 2013,
26 might, *for the first time*, place Plaintiff on notice of the identities of the Doe defendants. Indeed,
27 in its order issued the prior year on July 3, 2012, the Court was clear that the extension of the
28 amended pleadings deadline was limited to identifying the Doe defendants and it extended "no

7

further than necessary to allow Plaintiff to amend should he discover the Doe defendants' identities within the limited discovery extension set forth in the previous paragraph;" and the limited discovery at issue was that resolved in the order of July 15, 2013.  (Doc. 50, 2:18-24; Doc. 62.)

Implicit in the Court's rulings has been its recognition that Plaintiff, as a pro se litigant, is entitled to some additional leniency.  However, Plaintiff's two motions show that he did not identify the Doe defendants *as a result of* the amended discovery responses received on September 4, 2013, in compliance with the order of July 15, 2013.  Accordingly, the Court finds that Plaintiff has not met his burden of demonstrating good cause to modify the scheduling order to amend.  Fed. R. Civ. P. 16(b)(4).

### B. Identification of Does 1, 2, and 3 as Uranga, Lefler, and Rodriguez

While the absence of good cause ends the determination whether Plaintiff's motions to modify the scheduling order to amend should be granted, the Court is additionally concerned about what can only be described as the speculative identification of the Doe defendants as Officers Uranga, Lefler, and Rodriguez.  In addition to the limitations placed on the modification of scheduling orders under Rule 16(b)(4), discussed above, Rule 15(a)(2) provides that the Court should freely give leave to amend when justice so requires, and Rule 11(b) provides that in presenting any filing to the Court, Plaintiff is representing that to the best of his knowledge, information, and belief, after an inquiry reasonable under the circumstances, the filing is not being presented for an improper purpose and the factual contentions have evidentiary support.  Fed. R. Civ. P. 15(a)(2) (quotation marks omitted); Fed. R. Civ. P. 11(b) (quotation marks omitted).

Plaintiff alleges under penalty of perjury that Doe 1 (purportedly Uranga) was a third watch correctional officer, Doe 2 (purportedly Lefler) was a second watch correctional officer, and Doe 3 (purportedly Rodriguez) was a second watch correctional officer.[2]  (Doc. 1, Comp.)

---

[2] The Court notes that Plaintiff previously represented to the Court that Does 2 and 3 (purportedly Lefler and Rodriguez) needed to be replaced by adding carpenters Mike Walls and Duane Halvorsen.  (Doc. 59.)  In as much as the carpenters could not have been correctional officers Doe 2 and Doe 3 by virtue of the pleading allegations, the Court treated Plaintiff's motion as one to add new parties and denied it.  (Doc. 62.)  At best, Plaintiff was trying to drop Does 2 and 3 but add Walls and Halvorsen as new parties, unaware that this was improper given its untimeliness.  At worst, Plaintiff was mischaracterizing Does 2 and 3 as Walls and Halvorsen in an effort to "timely" substitute them in as parties.

However, the evidence and briefing submitted do not support Plaintiff's unsupported assertion that Does 1, 2, and 3 are Uranga, Lefler, and Rodriguez.

### 1. Nordlof Declaration and Documents

First, the declaration of inmate Nordlof is of no assistance with respect to identification of the Doe defendants because Nordlof does not purport to identify Does 1, 2, and 3. (Doc. 66, pp. 61-63.) At best, inmate Nordlof is an eye witness to (1) the existence of a broken shower bench in ASU during the relevant time period, (2) general staff awareness of the condition of the shower bench, and (3) a repair of the bench following Plaintiff's injury. Further, inmate Nordlof's declaration shows that the documents provided to Plaintiff were provided to support of the existence of general unsatisfactory conditions of confinement and inmate protests over those conditions, not to assist Plaintiff in identifying Does 1, 2, and 3.

With respect to the documents themselves, they are pages to a "Crime/Incident Report," authored by Defendant Hacker, concerning a tactical cell extraction of Southern Hispanic inmates in the SATF ASU who were refusing to relinquish their food trays. (Doc. 80, pp. 7-32.) The incident occurred on February 28, 2007, which was approximately two months prior to Plaintiff's transfer to SATF; and per inmate Nordlof's declaration, the report was provided to Plaintiff as evidence of inmate protests undertaken to gain the attention of higher-level staff regarding unsatisfactory conditions of confinement.

Per the report, at approximately 10:55 a.m. on February 28, 2007, Defendant Hacker ordered extraction team #1, which consisted of Sergeant Holmes and Officers Hevener, Uranga, Lefler, Cavagnaro, Jiminez, and Rodriguez, to extract inmates Pena and Soto from their cell. Someone underlined by hand the names Hevener, Uranga, and Rodriguez on page 1 of the report.

However, the February 28, 2007, incident is not related to the events giving rise to Plaintiff's claim in this action and it occurred approximately two months prior to Plaintiff's transfer to SATF. Inmate Norlof attested to unsatisfactory general conditions of confinement at SATF ASU between February 2006 and 2007, and he described various protests undertaken by inmates, with the report attached as evidence of one such protest. There is simply no support for a reasonable inference that this report identified Does 1, 2, and 3 or otherwise assisted Plaintiff in

identifying Does 1, 2, and, 3. Plaintiff states that once he saw the report, he knew that Uranga, Lefler, and Rodriguez are Does 1, 2, and 3 but how this could be the case given the nature of the reports contents and the passage of seven years if left entirely unexplained. While the Court recognizes that employees sometimes change shifts and/or work double shifts, it nevertheless notes that all three officers were involved in the cell extraction – which occurred during a single shift - while the complaint describes officers working on two different shifts.

### 2. Isolation Log Book Pages Provided by PRA Coordinator

With respect to the documents provided by the SATF PRA coordinator in April 2013, as previously discussed, Plaintiff's assertion that the isolation logs contained the Doe defendants' names is contradicted by the isolation logs, which do not name any staff.

### 3. Isolation Log Book Pages Provided by Defendants

Finally, the Court is faced with the issue of the isolation log book pages received on September 4, 2013. Plaintiff did not provide those records with either motion to amend and, as previously noted, he identified the Doe defendants *prior to* receiving those log book pages.

In his second reply, filed on December 23, 2013, Plaintiff provides what he claims are the three log book pages. Each page contains three sections: doctor's calls, officers' roster, and report of any unusual incidents. Pages 1 and 2 list fourteen officers under "officers' roster" and page 3 lists twelve officers. Page one includes Lefler and Uranga's names, page two includes Lefler and Rodriguez's names, and page three includes Rodriguez's name.

Plaintiff asserts that receipt of this discovery allowed him to confirm the names of the previously identified Doe defendants. The only thing Plaintiff's evidence confirms, however, is that three officers who were members of an extraction team on February 28, 2007, were also on the officers' roster for the SATF ASU, presumably in May or June 2007.[3] In as much as there were many other officers named in the report concerning the February 28, 2007, incident and there were many others officers listed on the officers' rosters, the Court is not persuaded that these documents support the existence of a reasonable inference that Uranga, Lefler, and Rodriguez are Does 1, 2, and 3.

---

[3] Doc. 62, Order re POD 14, 17:23-24.

10

In sum, although Plaintiff states that Officers Uranga, Lefler, and Rodriguez are Does 1, 2, and 3, the Court is not persuaded that Plaintiff has, with any degree of reasonable certainty, determined that the Doe correctional officers are Uranga, Lefler, and Rodriguez. As such, even if Plaintiff's motions to modify the scheduling order had been granted based on a showing of good cause, justice would not be served by permitting the speculative amendment sought by Plaintiff. Fed. R. Civ. P. 11(b), 15(a)(2).

### C. **Pretrial Dispositive Motion Deadline**

The scheduling order filed on July 25, 2011, set the pretrial dispositive motion deadline for June 4, 2012. (Doc. 17.) However, on July 3, 2012, the Court issued an order which, in relevant part, granted Defendants' motion for an extension of the pretrial dispositive motion deadline, with the deadline to be set once all discovery was completed. Fed. R. Civ. P. 16(b). (Doc. 50, 2:25-3:4.) Discovery is now closed, and Plaintiff's motion for modification of the scheduling order to amend has been denied. Accordingly, the deadline for filing pretrial dispositive motions is set for September 8, 2014. Fed. R. Civ. P. 16(b).

### D. **Miscellaneous**

Finally, in reviewing the operative briefs discussed herein, the Court notes a letter to Plaintiff from Defendants' counsel dated October 23, 2013. (Doc. 83, p. 10.) In the letter, counsel represented that the Litigation Department at SATF was assisting counsel with obtaining documents which would provide Plaintiff with the dates that correspond to the undated isolation logs produced by Defendants in compliance with the order of July 15, 2013. (*Id.*) However, in his reply dated December 23, 2013, Plaintiff states that Defendants produced more than three hundred pages of undated isolation logs, and he requests that the Court order Defendants to provide the dates. (*Id.*, 2:25-3:3.)

Defendants were required to produce records responsive to POD 14, limited to May and June 2007. (Doc. 62.) Plaintiff timely notified Defendants of a concern regarding undated records and Plaintiff was assured by counsel on October 23, 2013, that he would be provided with dates to correspond with the undated logs. Fed. R. Civ. P. 26(e)(1)(A). It appears, however, that as of December 23, 2013, the dates had not been provided.

11

1  Any failure to follow through with the representation that the date deficiency will be cured
2 must be remedied.  Defendants were notified their discovery responses were incomplete and they
3 are required, within thirty days, to follow through with their representation that they will produce
4 the dates corresponding to the undated isolation logs.  Fed. R. Civ. P. 26(e)(1)(A), (B); *Hunt v.*
5 *County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) (courts have broad discretion to manage
6 discovery and control course of litigation).

### III. Order

For the reasons set forth herein, the Court HEREBY ORDERS as follows:

1. Plaintiff's motions to modify the scheduling order to amend, filed on October 30, 2013, and December 5, 2013, are DENIED, with prejudice, for lack of good cause under Rule 16(b)(4);

2. Alternatively, Plaintiff's motion to amend to substitute Correctional Officers Uranga, Lefler, and Rodriguez for Does 1, 2, and 3 is DENIED, with prejudice, pursuant to Rule 15(a);

3. The deadline for filing pretrial dispositive motions is September 8, 2014; and

4. Within **thirty (30) days** from the date of service of this order, Defendants shall supply Plaintiff with the dates that correspond to the undated isolation logs, produced via the amended response to POD 14.

IT IS SO ORDERED.

Dated: **June 13, 2014**                              /s/ Sheila K. Oberto
                                                      UNITED STATES MAGISTRATE JUDGE

12